**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST    ) | |
| FROM CYPRUS          ) | |
| IN THE MATTER OF       ) | Misc. No. 08- |
| KYPRIANOU           ) | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Cyprus. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Cypriot authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Cypriot authorities seek information from the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part

the practice and procedure of the foreign country or the
international tribunal, for taking the testimony or
statement or producing the document or other thing. To
the extent that the order does not prescribe otherwise,
the testimony or statement shall be taken, and the
document or other thing produced, in accordance with the
Federal Rules of Civil Procedure.

The proper criteria for determining whether the court
should exercise its discretion in favor of executing the request
are outlined in *In Re Request for Judicial Assistance from the
Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977)
(citation omitted):

> Under the statute the only restrictions
> explicitly stated are that the request be
> made by a foreign or international
> tribunal, and that the testimony or
> material requested be for use in a
> proceeding in such a tribunal.... [and]
> that the investigation in connection
> with which the request is made must
> relate to a judicial or quasi-judicial
> controversy.

Moreover, " (t)he judicial proceeding for which assistance is
sought ... need not be pending at the time of the request for
assistance; it suffices that the proceeding in the foreign
tribunal and its contours be in reasonable contemplation when
the request is made." In Re Letter of Request from the Crown
Prosecution Services of the United Kingdom, 870 F.2d 686, 687 (D.C.
Cir. 1989).

The letter of request in this case shows that the
information sought is for use in such proceedings in Cyprus and
hence the request comes well within those circumstances
contemplated by Congress in expanding the Federal Courts' authority
to act in such matters. *In Re Letter of Request from the Crown*

*Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91
(D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District,
Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976).  Therefore, I
ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a
Commissioner to execute them are matters customarily handled <u>ex
parte,</u> and persons with objections to the request raise those
objections by moving to quash any subpoenas issued by the
Commissioner. *Id.*

**WHEREFORE,** the United States requests that the Court issue an
Order, in the form, appended hereto, appointing a Commissioner in
order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE    19801
(302) 573-6277

Dated: 2/14/08

*1385*

**REPUBLIC** ⬡ **OF CYPRUS**

M.J.P.O.12.3.2.228 / II/ 1️⃣
Tel: +357 22805942
Fax: +357 22518328
e-mail: mmounti@mjpo.gov.cy

**MINISTRY OF JUSTICE
AND PUBLIC ORDER**

23 August 2007

**URGENT- BY DATA POST**

U.S. Department of Justice
Criminal Division
Office of International Affairs
Washington, D.C. 20530
USA

Dear Sir/Madam,

> **Treaty between Cyprus and the United States of America on legal
> assistance in criminal matters**
>
> **Request for Legal Assistance in a Criminal Investigation
> concerning conspiracy to defraud involving the suspect Lykourgos
> KYPRIANOU and others**

I refer to the above Treaty between the United States of America and the
Republic of Cyprus , and I would like to forward you a request for legal assistance
issued by the Criminal Investigation Department in Nicosia, Cyprus Police
Headquarters dated 21.08.2007.

Kindly note that under para. 2 section 8 of the International Co-Operation in
Criminal Matters Law No. 23(I) of 2000, the evidence obtained as a result of this
letter of request cannot be used without your consent, for any other purpose than that
specified in the request.

Please also note that due to the importance of the investigated case, the request
for your permission for the presence of the Cypriot investigators during the execution
of the request.

We would be grateful if you can acknowledge receipt of this Request by fax,
post or any other possible means.

By Order of
the Minister of Justice and Public Order
Mr. S. Sophocleous

(M. Mounti, Ms)
Administrative Officer
Unit for International Legal Cooperation

*826*
Copy to: Chief of the Police (TAE/193(3/06))

HQ/CID/ 193(3/06)　　　　　　　　　MINISTRY OF JUSTICE

AND PUBLIC ORDER

CRIMINAL INVESTIGATION DEPARTMENT

CYPRUS POLICE HEADQUARTERS

NICOSIA

August 21, 2007

To the Competent Judicial
Authorities of the United States of America

## Re: ROGATORY COMMISSION

The Republic of Cyprus has the honor to request the assistance of the competent Judicial Authorities of the United States of America in relation to inquiries being conducted by the Financial Crime Unit, of the Cyprus Police Headquarters regarding a case of stealing by directors or officers of companies sections 255 and 269, conspiracy to defraud section 302 and obtaining money by false pretences, sections 297 and 298 of the Penal Code (Cap.154). The offences were committed during the period January 1999 to December 2001 in U.S.A, Cyprus, India, Dubai.

The request for legal assistance is in accordance with the provisions of the Treaty between the Republic of Cyprus and the United States of America on Mutual Assistance in Criminal Matters.

The applicable legislation has been attached to this request. **(Powers of Investigating Officers- APPENDIX I , Legislation- APPENDIX II).**

## SUMMARY OF FACTS

The Financial Crime Unit of the Cyprus Police is investigating a case of a) stealing the total amount of $ 22.142.649,00 USD, property of the company AremisSoft Corporation (Delaware, USA) b) obtaining the amount of $ 23,200,000.00 USD by false pretences and c) conspiracy to defraud. Suspect in the foresaid criminal case is Lykourgos Kyprianou, former executive officer of AremisSoft Corporation and other persons who were related both with AremisSoft Corporation and Lykourgos Kyprianou personally. The offences were committed during 1999-2001.

The complaint was made by Ronald Lefton (Greenberg Traurig LLP, Law firm) who represents the AremisSoft Corporation Liquidating Trust (AremisSoft Trust).

2. AremisSoft Corporation (Company) was incorporated in the State of Delaware in the U.S.A. and its principal place of business was in the State of New Jersey, U.S.A. The Company's main business was the development and sale of computer software technology particularly for the healthcare, hospitality, construction and manufacturing industries. The Company's share was, for some time, quoted and publicly traded on the NASDAQ Stock Market N.Y.

3. The founder of the Company was Lykourgos Kyprianou. Lykourgos Kyprianou was the Chairman of the Board of Directors starting in 1997, Chief Executive Officer from October 1997 to May 2000, and co-Chief Executive Officer from February 2001 until July 31, 2001.

Lykourgos Kyprianou is a citizen of the Republic of Cyprus, residing at Andi Tserioti Street, Tseri Village, Nicosia.

4. The Co-trustees reported and presented documents which show that the Company and its stockholders were the victims of fraud. The available evidence shows that Lykourgos Kyprianou and others were involved in 2 cases of theft of the total amount of $ 22.142.649,00 (USD) and 3 cases of obtaining the amount of $ 23,200,000.00 USD by false pretences. The above amounts were transferred from the bank accounts of the Company.

Details of the above mentioned cases are presented below:

**1) Transfers to Southwood Management Ltd Bank A/c**

Southwood Management Ltd was a company incorporated in the British Virgin Islands in 1997. Southwood Management was incorporated upon Lykourgos Kyprianou 's request, and it was controlled by him and functioned exclusively on his behalf. Lykourgos Kyprianou caused Southwood Management Ltd to maintain several bank accounts at the Bank of Cyprus, which he controlled and over which he appears to have had signing authority.

Between July 1999 and April 2001, Lykourgos Kyprianou without the authorization of AremisSoft Corporation Board of Directors, transferred or directed the transfer of USD $ 11.945.651,00 of the AremisSoft Corporation cash from the account at Bank of Cyprus (account no. ███████████ to Southwood Management's bank accounts at the Bank of Cyprus (account no. █████████

**2) Transfers to Seemark Consultancy Corporation Ltd Bank A/c**

Semark Consultancy Corporation Ltd is a Cyprus company formed in September 1995. Lykourgos Kyprianou and his wife, Hermione Kyprianou, were the sole directors of Semark from 1995 through at least 2004. It appears that Lykourgos Kyprianou alone had control over certain Semark bank accounts at the Bank of Cyprus.

Between May 1999 and March 2001, Lykourgos Kyprianou without the authorization of AremisSoft Corporation Board of Directors, transferred or

██████████ to Semark Consultancy Corporation Ltd bank accounts at the Bank of Cyprus (account no. ██████████████████████████████████████

### 3) Fictitious acquisition/ purchase of the Indian company E-nnovations

In 1999, Lykourgos Kyprianou misled AremisSoft Corporation's Board of Directors into purchasing the company E-nnovations for USD $ 14.539.000,00 from Spectra Pvt. Ltd.

E-nnovations was a group of companies comprised of five small India-based software companies. Lykourgos Kyprianou earlier, before December 1999, had caused Spectra Pvt. Ltd, Indian shell company, to purchase E-nnovations for only USD $ 301.709.

The 5 companies were consolidated under the purported ownership of Spahn & Partner Finanz Consult GmbH, an Austrian company directed by Kurt Sedlmayer, a business associate of Lykourgos Kyprianou.

On or about December 21, 1999, a few days after the fraudulent "E-nnovations Share Purchase Agreement" was executed, Lykourgos Kyprianou caused AremisSoft Corporation to transfer USD $ 5.000.000,00 from an account it held at the Cyprus Popular Bank (a/c ██████████) to an account held in the name of Spahn Partners & Finance (a/c ████████████) at the Bank of Cyprus.

The complainant did not present any information regarding the remaining amount to be paid to Spectra Pvt. Ltd USD $ 9.539.000,00 ($ 14.539.000,00 - $ 5.000.000,00) for the foresaid acquisition of E-nnovation.

### 4) Fictitious acquisition/ purchase of the Indian company E-Charm Pvt Ltd

E-ChaRM was comprised of three small Indian software companies. Lykourgos Kyprianou earlier had caused AremisSoft Corporation to purchase it for approximately USD $ 290.000 and consolidated it under the E-ChaRM name.

Lykourgos Kyprianou and his co-conspirators arranged for E-ChaRM to appear to be owned by Still & Life GmbH, another Austrian company associated with Sedlmayer, and then encouraged the AremisSoft Corporation to acquire E-ChaRM from Still & Life for USD $ 10.900.000,00.

The AremisSoft Corporation Board of Directors approved the acquisition, and, on or about December 27, 2000, the Company in five separate transfers wired an aggregate amount of USD $10.000.000,00 from one of its accounts at the Bank of Cyprus (a/c ██████████) to a Still & Life account at the Bank of Cyprus (a/c ██████████

On the same day, without the authority of the AremisSoft Corporation Board of Directors, at least USD $ 9.900.000,00 was then transferred from the Still & Life account at the Bank of Cyprus to one of the Semark accounts at the Bank of Cyprus over which Lykourgos Kyprianou had control.

### 5) Fictitious acquisition/ purchase of the Dubai company Denon International Ltd

Lykourgos Kyprianou and his co-conspirators, without the knowledge of the AremisSoft Corporation's Board of Directors, earlier in 2000 had negotiated the prospective purchase by AremisSoft EEMEA of the Vision Group LLC ("Vision Group"), a small computer software company based in Dubai. Following the acquisition by the AremisSoft Corporation of Denon, which in reality was a shell company formed earlier by Sedlmayer in the British Virgin Islands, the assets of Vision Group were acquired for USD $ 250.000 and then transferred to Denon.

In late 2000, Lykourgos Kyprianou and his co-conspirators also misled AremisSoft Corporation's Board of Directors into the purchase of Denon International Ltd for USD $ 7.3 million. Denon was presented to the directors as a Dubai-based software company.

The AremisSoft Corporation agreed to the acquisition of Denon in December 2000, and transferred on December 28, 2000, approximately USD $ 7.300.000,00 to a Denon account established by Lykourgos Kyprianou at the Bank of Cyprus (a/c ████████████ On that same day approximately USD $ 7.200.000,00 was transferred from the same Denon account to an account held by Southwood Management (which, as aforesaid, was controlled by Lykourgos Kyprianou) at the Bank of Cyprus (a/c ████████████

### ASSISTANCE REQUIRED

We kindly request the following assistance to be provided in order to facilitate our investigation.

1.  Written statement from an officer of the Companies Registrar Office at the State of Delaware giving details about the incorporation of the company AREMISSOFT CORPORATION. Any related documents should be given. (Incorporation Letter, Article of Association, etc.)

2.  Written statement from an officer of the United States Securities and Exchange Commission presenting details about the officers of the Company (Director, secretary, board of directors) from the date of its incorporation until today. Any related documents should be given.

3.  Written statements from the following members of the AREMISSOFT CORPORATION board of directors during 1999- 2001, regarding their involvement and or knowledge for the above 5 cases under investigation:

    a)  Roys Poyatzis residing in New York U.S.A telephone no ████████████

b)   Dann Angeloff residing at 626 Wilshire Boulevard suite 727 Los Angeles, CA 90017 U.S.A, telephone no ███████████

c)   George Ellis residing at Global 360, Inc. 2911 Turtle Creek Blvd suite 100 Dallas TX 75219 U.S.A telephone no ██████████

d)   Tate Holt residing at 240 Wilson Way, Larkspur, CA 94939 and PO Box 1058 Larkspur, CA 94977 U.S.A, telephone no ██████████

e)   Paul I. Bloom residing  at 425E 58th St. Apt.16C New York, 10022

4.   Any other investigation/action that may be deemed necessary in connection with the case under investigation.

We kindly ask you to give permission to two Cypriot investigators from the Financial Crime Unit of the Cyprus Police Headquarters to be presented during the execution of the requested actions in the United States of America.

We would be most grateful if you could speed up the execution of this request for assistance due to the fact that this matter is urgent.

For the coordination of action on the territory of United States of America, please contact Police Inspector Panayiotis Kountoureshis and PS 1498 Ch. Christodoulou at tel. 00357-22-808459.

Yours faithfully

C. Kerimis
Superintendent A'
For Chief of Police

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST          )
FROM CYPRUS                      )
IN THE MATTER OF                 )   Misc No. 08-
KYPRIANOU                        )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Cyprus whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Cyprus and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Cypriot authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

　　　　3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Cyprus, which procedures may be specified in the request or provided by the Cypriot authorities;

　　　　4. seek such further orders of this Court as may be necessary to execute this request; and

　　　　5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Cypriot authorities.

　　　　IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.


　　　　Dated:  This _____ day of _____, 2008.


　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　United States District Court Judge